**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: **Goodman Tank Lines, Inc.,** Debtor. | : CHAPTER 11<br>:<br>: BANKRUPTCY NO. 15- 13768 (AMC)<br>: |
| IN RE: **Stowe Leasing, Inc.,** Debtor. | : CHAPTER 11<br>:<br>: BANKRUPTCY NO. 15- 13769 (AMC)<br>: |

**DEBTORS' MOTION FOR AN ORDER
AUTHORIZING JOINT ADMINISTRATION**

Goodman Tank Lines, Inc. ("Goodman"), and Stowe Leasing, Inc. ("Stowe") (herein collectively referred to as "Debtors") by and through proposed counsel, Ciardi Ciardi & Astin, hereby present the Debtors' Motion for an Order Authorizing Joint Administration and in support thereof respectfully represent:

**BACKGROUND**

1. On May 29, 2015 (the "Petition Date") Goodman Tank Lines, Inc. and Stowe Leasing, Inc. (the "Debtors") separately filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. In re Goodman Tank Lines, Inc. was assigned to Judge Ashely M. Chan and In Re Stowe Leasing, Inc. was assigned to Judge Ashely M. Chan.

3. The Debtors have continued in possession of their assets and property as Debtors-in-Possession and continue to operate their business as Debtors and Debtors-in-Possession

4. The Debtors are affiliates that are owned and operated by D. Craig Goodman.

2

5. The Debtors are companion companies that have the same secured creditors, many of the same unsecured creditors and a common business purpose. They are also owned and operated by the same individual.

## RELIEF REQUESTED

6. Federal Rule of Bankruptcy Procedure 1015(b)(4) provides that "[i]f a joint petition or two or more petitions are pending in the same court by ... (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b)(4).

7. The related Debtors maintain that, if their estates are administered jointly, they would be in a better position to reorganize their financial affairs, file and confirm their respective feasible Plans of Reorganization and provide a distribution to unsecured creditors of their respective estates.

8. By and through this Motion the Debtors seek to maintain separate records and tax identities but desire a lead docket number with respect to the above captioned proceeding and the ability to file a Joint Plan of Reorganization should they so choose. The Debtors submit that an order authorizing the Joint Administration of the two (2) bankruptcy cases will enhance judicial economy and save the Debtors and their respective estates time and money.

9. The Debtors submit that the Joint Administration of these cases should be maintained under the case number assigned to the Debtor, Goodman Tank Lines, Inc., Case No. 15-13768.

10. As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in this Chapter 11 case.

11. Notice of this Motion has been given via first class regular mail and/or electronic mail to the Office of the United States Trustee and Top 20 Creditors. The Debtors submit that no other notice need be given.

12. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtors hereby respectfully request that this Court enter an Order, substantially in the form attached hereto, authorizing Joint Administration of the Debtors' bankruptcy cases pursuant to Bankruptcy Rule 1015(a).

Dated:  May 29, 2015                           CIARDI CIARDI & ASTIN

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire

Proposed Attorneys for Debtors