UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire
One Commerce Square, Suite 3500
2005 Market Street
Philadelphia, PA  19103
(215) 557-3550
(215) 557-3551 fax
aciardi@ciardilaw.com
jcranston@ciardilaw.com

| | |
|---|---|
| In Re:<br><br>GOODMAN TANK LINES, INC.,<br><br>Debtor. | CASE NO. 15-13768<br><br>CHAPTER 11<br><br>JUDGE: AMC |
| In Re:<br><br>STOWE LEASING, INC.,<br><br>Debtor. | CASE NO. 15-13768<br><br>CHAPTER 11<br><br>JUDGE: AMC |

**ORDER (A) AUTHORIZING THE DEBTORS TO SELL SUBSTANTIALLY ALL OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, AND (B) GRANTING RELATED RELIEF**

Upon the motion dated May 29, 2015 (the "Sale Motion") of Goodman Tank Lines, Inc.

and Stowe Leasing, Inc.  (the "Debtors" or "Sellers"), for the entry of an order pursuant to

sections 105, 363 and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as

amended, the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (as amended, the "Bankruptcy Rules") authorizing the Debtors to, *inter*

*alia,* (i) enter into that certain Agreement of Sale dated as of May 29, 2015  by and between the

Debtors, Craig D. Goodman and Samuel Coraluzzo Co., Inc. ("Buyer") (the "Agreement"),[1]

(ii) sell the Assets free and clear of all liens, claims and encumbrances, with such sale to be in

accordance with the terms and conditions of the Agreement; and (iii) granting related relief; and

this Court having entered an Order dated _____, 2015 (the "Bidding Procedures Order")

which, *inter alia,* authorized the Debtors to conduct, and approving the terms and conditions of,

the Auction and certain bid procedures (the "Bid Procedures") to consider higher and better

offers for the Assets, establishing a date for the Auction, and approving, *inter alia,* (i) the Bid

Procedures in connection with the Auction; (ii) the form and manner of notice of the Auction and

Bid Procedures; and (iii) the Break-Up Fee; and the Court having established the date of the Sale

Hearing; and the Court having jurisdiction to consider the Sale Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and after consideration of the Sale

Motion, the relief requested therein, and the responses thereto, if any; this being a core

proceeding in accordance with 28 U.S.C. § 157(b); and upon the record of the Sale Hearing, and

all other pleadings and proceedings in this case, including the Sale Motion; and it appearing that

the relief requested in the Sale Motion is in the best interests of the Debtors, their respective

estates, their creditors and all other parties in interest; and after due deliberation and sufficient

cause appearing therefore;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement.

I.    FINDINGS OF FACT:

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT [2]:
**Jurisdiction, Final Order, Statutory Predicates**

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    The Court has jurisdiction over this matter and over the property of the Debtors and of their respective estates, including, without limitation, the Assets to be sold, transferred or conveyed pursuant to the Agreement, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Approvals and authorizations herein are (i) Bankruptcy Code §§ 102, 105, 363, and 365 and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

D.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the parties may consummate the transactions provided for under the terms and conditions of the Agreement immediately upon entry of this Order. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

---

[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. *See* Fed. R. Bankr. P. 7052.

### Retention of Jurisdiction

E.      It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Agreement, and to adjudicate, if necessary, any and all disputes relating in any way to the transactions provided for under the terms and conditions of the Agreement.

### Notice of the Sale Motion

F.      As evidenced by the affidavits of service filed with the Court, (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, and the Sale Hearing (including due and proper notice of the assumption, sale, and assignment of any executory contract or unexpired lease to each counterparty to such contract) have been provided in accordance with Bankruptcy Code §§ 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 6006, 9006, 9007 and 9014, the local rules of this Court, and in compliance with the Bidding Procedures Order; (ii) such notice was good and sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion, the Auction, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

G.      Actual written notice of the Sale Motion, the Auction, and the Sale Hearing and a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (i) all entities that claim any interest in or lien upon the Assets; (ii) all governmental regulatory authorities that have or may have regulatory authority over the Assets; (iii) all parties that filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002; (iv) all creditors (whether liquidated, contingent or unmatured) of the Debtors' respective estates; (v) all interested governmental, pension, environmental and other regulatory entities; and (vi) the Office of the United States Trustee.  Other parties interested in bidding on the Property were provided,

upon request, sufficient information to make an informed judgment on whether to bid on the Property.

## Good Faith

H.      As set forth more fully on the record at the Sale Hearing, the Buyer is buying the Assets in good faith, as that term is used in the Bankruptcy Code and court decisions thereunder, and is entitled to the protections of Bankruptcy Code § 363(m). The Agreement was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind. The sales process was conducted in accordance with the Bidding Procedures Order and in good faith within the meaning of Bankruptcy Code § 363(m). Neither the Debtors nor the Buyer have engaged in any conduct that would prevent the application of Bankruptcy Code § 363(m) or cause the application of or implicate Bankruptcy Code § 363(n) to the Agreement or to the consummation of the sale transaction and transfer of the Assets to the Buyer. The Buyer is entitled to all the protections and immunities of Bankruptcy Code § 363(m). The Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions pursuant to the terms and conditions of the Agreement any time after the entry of this Order, including immediately after its entry. The Court has found that the Buyer has acted in good faith in all respects in connection with this bankruptcy case and the transactions under the Agreement in that, among other things:

1.      the Buyer recognized that the Debtors were free to negotiate with any other party that expressed a qualified interest in purchasing the Assets;

2.      the Buyer agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order;

3.      the Buyer did not induce, cause, or require the commencement of the bankruptcy case; and

4.      the negotiation and execution of the Agreement and all other aspects of the transactions contemplated thereby were conducted in good faith and at arms' length.

I.      In the absence of a stay pending appeal, the Buyer will be acting in good faith, pursuant to Bankruptcy Code § 363(m), in closing the transactions contemplated by the Agreement at any time on or after the entry of this Order and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

### No Collusion

J.      The Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction.  The sale price to be paid by Buyer was not controlled by an agreement among potential bidders at such sale.  The transactions under the Agreement may not be avoided, and no damages may be assessed against the Buyer or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

### Bid Procedures Are Fair

K.      The Bid Procedures set forth in the Bidding Procedures Order were non-collusive, substantively and procedurally fair to all parties and were the result of arms' length negotiations between the Debtors and the Buyer.

L.      The Debtors and their professionals have complied, in good faith, in all respects with the Bidding Procedures Order, as demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing.  At all times material hereto, the Debtors conducted the sale process in accordance with the Bidding Procedures Order and (i) afforded interested potential Buyers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase substantially all of the Property, (ii) provided potential Buyers, upon

request, sufficient information to enable them to make an informed judgment on whether to bid

on the Assets; and  (iii) considered any bids submitted on or before the Bid Deadline.

## Auction

### Highest and Best Offer

M.      As there were no competing bids, there was no Auction.  As a consequence, the

Debtors announced that they determined the offer submitted by the Buyer, as embodied in the

Agreement, was the highest and best offer and the Buyer is the Successful Bidder for the Assets

in accordance with the Bidding Procedures Order.  The Bid Procedures obtained the highest

value for the Assets for the Debtors and their respective estates.

N.      The offer of the Buyer, upon the terms and conditions set forth in the Agreement,

including the form and total consideration to be realized by the Debtors pursuant to the

Agreement, (i) is the highest and best offer received by the Debtors; (ii) is fair and reasonable;

(iii) is in the best interests of the Debtors' creditors and respective estates; (iv) constitutes full

and adequate consideration and reasonably equivalent value for the Property; and (v) will

provide a greater recovery for the Debtors' creditors and other interested parties than would be

provided by any other practical and available alternative.  The Debtors' determination that the

Agreement constitutes the highest and best offer for the Property constitutes a valid and sound

exercise of the Debtors' business judgment.

O.      The Agreement and the transactions thereunder are not being entered into to

escape liability for the estates' debts.  The Debtors' estates are unable to satisfy all of the

Debtors' debts.

## No Fraudulent Transfer

P.      The total consideration provided by the Buyer for the Assets is the highest and

best offer received by the Debtors, and the Purchase Price constitutes (a) reasonably equivalent

value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, reasonably equivalent value, fair consideration and fair value for the Property.

## Validity of Transfer

Q.    Prior to the transactions contemplated under the Agreement, the Assets were property of the Debtors.

R.    The Debtors have the full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and the sale of the Assets has been duly and validly authorized and no other consents or approvals, other than as may be expressly provided for in the Agreement, are required by the Debtors to consummate such transactions.

S.    The Debtors have advanced sound business reasons for seeking to enter into the Agreement and to assume, assign, transfer and/or sell the Assets, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtors' business judgment to sell, transfer and assign the Assets and to consummate the transactions contemplated by the Agreement. Notwithstanding any requirement for approval or consent by any person, the transfer of the Assets to the Buyer is a legal, valid and effective transfer of the Assets and any such contracts.

T.    The terms and conditions of the Agreement, including the consideration to be realized by the Debtors pursuant to the Agreement, are fair and reasonable, and the transactions contemplated by the Agreement are in the best interests of the Debtors' estate.

## Section 363(f) Is Satisfied

U.    Except as otherwise provided in the Agreement, the Assets shall be sold free and clear of all of the following (collectively, the "Liens and Claims"): mortgages, security interests,

conditional sale or other retention agreements, pledges, liens (as that term is defined in section
101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the
Bankruptcy Code), obligations, guaranties, debts, rights, contractual commitments, interests,
judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal,
liens, or any other encumbrances, and restrictions of any kind or nature whether imposed by
agreement, understanding, law, equity, or otherwise, including, without limitation
(i) encumbrances that purport to give any party a right or option to effect any forfeiture,
modification or termination of the Debtors' rights or of the Buyer's rights to the Assets or (ii) in
respect of taxes, in each case, accruing, arising, or relating to a period prior to the Closing.  To
the extent any Liens or Claims exist, all such Liens or Claims shall attach to the consideration to
be received by the Debtors in the same priority and subject to the same defenses and
avoidability, if any, as before the Closing, and the Buyer would not (and will not) enter into the
Agreement to purchase the Assets otherwise.

      V.      The transfer of the Assets to the Buyer will be a legal, valid and effective transfer
of the Assets, and, except as may otherwise be provided in the Agreement, shall vest the Buyer
with all of the Debtors' respective rights, title and interest in and to the Assets free and clear of
any and all Liens or Claims.  Except as specifically provided in the Agreement or this Order, the
Buyer shall not assume or become liable for any Liens or Claims relating to the Assets being
sold by the Debtors unless specifically assumed.

      W.      The transfer of the Assets to the Buyer free and clear of all Liens or Claims will
not result in any undue burden or prejudice to any holders of any Liens or Claims as all such
Liens or Claims of any kind or nature whatsoever shall attach to the net proceeds of the sale of
the Assets received by the Debtors in the order of their priority, with the same validity, force and

effect which they now have against the Assets and subject to any claims and defenses the
Debtors or other parties may possess with respect thereto. All persons having Liens or Claims of
any kind or nature whatsoever against or in the Debtors or the Assets shall be forever barred,
estopped and permanently enjoined from pursuing or asserting such Liens or Claims against the
Buyer, any of its assets, property, successors or assigns, or against the Assets unless lien was
specifically assumed by the Buyer.

      X.     The Debtors may sell the Assets free and clear of all Liens or Claims of any kind
or nature whatsoever because, in each case, one or more of the standards set forth in Bankruptcy
Code § 363(f) has been satisfied. Those (i) holders of Liens or Claims and (ii) non-debtor
parties, who did not object, or who withdrew their objections, to the sale of the Assets and the
Sale Motion are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2). Those
holders of Liens or Claims who did object fall within one or more of the other subsections of
Bankruptcy Code § 363(f) and are adequately protected by having their Liens or Claims, if any,
attach to the proceeds of the sale of the Assets.

      Y.     Not selling the Assets free and clear of all Liens or Claims would adversely
impact the Debtors' respective estates and the sale of Assets, other than free and clear of all
Liens or Claims, would be of substantially less value to the estates involved.

      Z.     The Buyer shall have no obligations with respect to any liabilities of the Debtors
other than its obligations under the Agreement.

### No Successor Liability

      AA.     The transactions contemplated under the Agreement do not amount to a
consolidation, merger or *de facto* merger of either the Buyer and the Debtors and/or their estates,
particularly as there is no substantial continuity between the Buyer and the Debtors, no

continuity of enterprise between the Debtors and the Buyer and the Buyer is not a mere continuation of the Debtors or of their estates.

BB.     Except as expressly set forth in the Agreement, the transfer of the Assets to the Buyer, does not and will not subject the Buyer to any liability by reason of such transfer under (i) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based in whole or part on, directly or indirectly, including without limitation, any theory of antitrust, environmental, products liability, successor or transferee liability, labor law, *de facto* merger, or substantial continuity or (ii) any employment contract, understanding or agreement, including without limitation collective bargaining agreements, employee pension plans, or employee welfare or benefit plans.

## Assumed Contracts

CC:     The Sellers are authorized to assume and assign to the Buyer each of the Assumed Contracts and that, as of the Closing Date, the Contracts to be assumed by the Sellers and assigned to the Buyer pursuant to this Agreement will have been duly assigned to the Buyer in accordance with Section 365 of the Bankruptcy Code;

DD.     The Assumed Contracts will be transferred to, and remain in full force and effect for the benefit of the Buyer, notwithstanding any provision in any such Contract or lease or any Requirement of Law (including those described in Sections 365(b)(2) an (f) of the Bankruptcy Code) that prohibits, restricts or limits in any way such assignment or transfer;

EE.     The Buyer has satisfied all requirements under Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code to provide adequate assurance of future performance of the Assumed Contracts; provided, however. Buyer shall provide such financial information and evidence regarding future operations as the Bankruptcy Court may require and otherwise use Buyer's

commercially reasonable efforts to satisfy the Bankruptcy Court that "adequate assurance of future performance" exists as to all Assumed Contracts for purposes of Section 365 of the Bankruptcy Code;

FF.    The Sellers are authorized and directed to pay all Cure Costs relating to assumption and assignment of the Assumed Contracts (the "Cure Amounts") out of the proceeds of the Acquisition; and

GG.    This Order establishes a bar preventing non-debtor parties to each Assumed Contract from asserting against the Buyer, the Business or any of the Assets: (a) any default, Claim, Liability or other cause of action existing as of the Closing Date and (b) any objection to the assumption and assignment of such non-debtor party's Assumed Contract;

II.    CONCLUSIONS OF LAW:

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT [3]:

1.    The relief requested in the Sale Motion is granted in its entirety, subject to the terms and conditions contained herein.

2.    All objections, responses, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied on the merits.

---

[3] To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. *See* Fed. R. Bankr. P. 7052.

3.    The provisions of 11 U.S.C. § 363(n) have not been violated and notice of the

Sale Hearing was fair and adequate under the circumstances and complied in all respects with 11

U.S.C. § 102(1) and Bankruptcy Rules 2002, 6004 and 6006.

### Approval of the Sale

4.    The sale of the Property, the terms and conditions of the Agreement (including all

schedules and exhibits affixed thereto), the bid by the Buyer and the transactions contemplated

thereby be, and hereby are, authorized and approved in all respects.

5.    The obligations of the Debtors to close under the Agreement shall be binding

upon the Debtors and any successor in interest to the Debtors, including, without limitation, any

subsequent Chapter 11 or Chapter 7 trustee appointed in this bankruptcy case.

6.    The sale of the Assets and the consideration provided by the Buyer under the

Agreement is fair and reasonable and shall be deemed for all purposes to constitute a transfer for

reasonably equivalent value and fair consideration under the Bankruptcy Code and any other

applicable law.

7.    The Buyer is hereby granted and is entitled to all of the protections provided to a

good faith buyer under Bankruptcy Code § 363(m) as part of the sale of the Property pursuant to

Bankruptcy Code § 363 and this Order.

8.    The Debtors are authorized and directed to fully assume, perform under,

consummate and implement the terms of the Agreement together with any and all additional

instruments and documents that may be reasonably necessary or desirable to implement and

effectuate the terms of the Agreement, this Order and sale of the Assets contemplated thereby

including, without limitation, deeds, assignments, stock powers and other instruments of transfer,

and to take all further actions as may reasonably be requested by the Buyer for the purpose of

assigning, transferring, granting, conveying and conferring to the Buyer any or all of the Assets,

as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the Agreement, without any further corporate action or Orders of this Court. The Buyer shall have no obligation to proceed with the Closing of the Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived. The Buyer may consummate the transactions under the Agreement at any time after the entry of this Order (including immediately thereafter) by waiving all closing conditions set forth in the Agreement that have not been satisfied and by proceeding to close such transactions, without any notice to the Court, any pre-petition or post-petition creditor of the Debtors or any other party in interest.

9.      The Debtors and any other person or entity having duties or responsibilities under the Agreement, any agreements related thereto or this Order, and all of their respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Agreement, to carry out all of the provisions of the Agreement and any related agreements; to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreement, and any related agreements; to take any and all actions contemplated by the Agreement, any related agreements or this Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Agreement, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or Order of, the Court. The Debtors are further authorized and empowered to file with the secretary of state of any state or other applicable officials of any applicable governmental units any and all

documents, certificates, agreements, or amendments necessary or appropriate to effectuate the

transactions contemplated by the Agreement, any related agreements and this Order, and all such

other actions, filings, or recordings as may be required under appropriate provisions of the

applicable laws of all applicable governmental units or as the Debtors may determine are

necessary or appropriate.  The execution of any such document or the taking of any such action

shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

Without limiting the generality of the foregoing, this Order shall constitute all approvals and

consents, if any, required by the corporation laws of the Commonwealth of Pennsylvania and all

other applicable business corporation, trust, and other laws of applicable governmental units with

respect to the implementation and consummation of the Agreement, any related agreements and

this Order, and the transactions contemplated thereby and hereby.

        10.      Effective as of the Closing, the sale of the Assets by the Debtors to the Buyer

shall constitute a legal, valid and effective transfer of the Assets notwithstanding any

requirement for approval or consent by any person and shall vest the Buyer with all of the rights,

title and interest of the Debtors and their respective estates in and to the Property, free and clear

of all claims, liens, interests and encumbrances of any kind, pursuant to Bankruptcy Code §

363(f).

        11.      The sale of the Assets is not subject to avoidance, and no damages may be

assessed against the Buyer or any other party, pursuant to Bankruptcy Code § 363(n).

### Transfer of Property

        12.      Except to the extent specifically provided in the Agreement, upon the closing, the

Debtors shall be, and hereby are, authorized, empowered, and directed, pursuant to Bankruptcy

Code §§ 105, and 363(b) to sell the Assets to the Buyer.  The sale of the Assets shall vest Buyer

with all of the rights, title and interest of the Debtors and their respective estates to the Assets

free and clear of any and all Liens or Claims and other liabilities, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with all such Liens or Claims and other liabilities and claims to attach only to the proceeds of the sale (if any) with the same priority, validity, force, and effect, if any, as they now have in or against the Property, subject to all claims and defenses the Debtors (and/or any other party in interest) may possess with respect thereto. Following the Closing Date: (i) the proceeds of the sale shall be held in an interest bearing account, bearing the names of the Debtors, subject to further order of this Court, provided, however, that in the event Buyer is not the Successful Purchaser, Buyer shall be entitled to be paid its break-up fee of 3% of the total Purchase Price from such proceeds at the Closing; and (ii) no holder of any Liens or Claims in the Property shall interfere with the Buyer's use and enjoyment of the Assets based on or related to such Liens or Claims, and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Agreement or this Order.

13.    The provisions of this Order authorizing the sale of the Assets free and clear of Liens or Claims, shall be self-executing, and neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtors and the Buyer, and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and

instruments that either the Debtors or the Buyer deems necessary or appropriate to implement and effectuate the terms of the Agreement and this Sale Order.

14.     On or before the Closing Date, all parties holding Liens or Claims of any kind are authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens or Claims of any kind against the Assets, as such Liens or Claims may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements or other documents or agreements evidencing any Liens or Claims in or against the Property shall not have delivered to the Debtors prior to the Closing after request therefore, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens or Claims that the person or entity has with respect to the Assets, the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Property prior to the Closing, and the Buyer is authorized to file such documents after Closing.

15.     To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer as of the Closing Date.

16.     All of the Debtors' interests in the Assets to be acquired by the Buyer under the Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Buyer.  Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Assets acquired by the Buyer under the Agreement and/or a bill of sale or

assignment transferring good and marketable, indefeasible title and interest in the Assets to the Buyer.

17.      Except as expressly provided in the Agreement, the Buyer is not assuming nor shall it be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtors or their respective estates in any way whatsoever relating to or arising from the Debtors' ownership or use of the Assets prior to the consummation of the transactions contemplated by the Agreement, or any liabilities calculable by reference to the Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Buyer.

18.      Except as otherwise provided in the Agreement, on the Closing Date, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Liens or Claims against the Assets, if any, as may have been recorded or may otherwise exist.

19.      Except as otherwise expressly provided in the Agreement, all persons or entities, presently or on or after the Closing Date, in possession of some or all of the Assets are directed to surrender possession of the Property to the Buyer on the Closing Date or at such time thereafter as the Buyer may request.

III.      ASSUMED CONTRACTS

(i)      the Sellers are authorized to assume and assign to the Buyer each of the Assumed Contracts and, as of the Closing Date, the Contracts to be assumed by the Sellers and assigned to the Buyer pursuant to this Agreement will have been duly assigned to the Buyer in accordance with Section 365 of the Bankruptcy Code;

(ii)      the Assumed Contracts will be transferred to, and remain in full force and effect

for the benefit of the Buyer, notwithstanding any provision in any such Contract or lease

or any Requirement of Law (including those described in Sections 365(b)(2) and (f) of

the Bankruptcy Code) that prohibits, restricts or limits in any way such assignment or

transfer;

(iii)     the Buyer has satisfied all requirements under Sections 365(b)(1) and 365(f)(2) of

the Bankruptcy Code to provide adequate assurance of future performance of the

Assumed Contracts; provided, however. Buyer shall provide such financial information

and evidence regarding future operations as the Bankruptcy Court may require and

otherwise use Buyer's commercially reasonable efforts to satisfy the Bankruptcy Court

that "adequate assurance of future performance" exists as to all Assumed Contracts for

purposes of Section 365 of the Bankruptcy Code;

(iv)      the Sellers are authorized and directed to pay all Cure Costs relating to

assumption and assignment of the Assumed Contracts (the "Cure Amounts") out of the

proceeds of the Acquisition; and

(v)       this Order establishes a bar preventing non-debtor parties to each Assumed

Contract from asserting against the Buyer, the Business or any of the Assets: (a) any

default, Claim, Liability or other cause of action existing as of the Closing Date and (b)

any objection to the assumption and assignment of such non-debtor party's Assumed

Contract;

### Additional Provisions

1.      Each and every federal, state, and local governmental agency or department is

hereby directed to accept any and all documents and instruments necessary and appropriate to

consummate the transactions contemplated by the Agreement and this Order.

2.      The Buyer has not assumed and is otherwise not obligated for any of the Debtors'
liabilities except as set forth in the Agreement.  Consequently, all persons, Governmental Units
(as defined in Bankruptcy Code §§ 101(27) and 101(41)) and all holders of Liens or Claims
based upon or arising out of liabilities retained by the Debtors are hereby enjoined from taking
any action against any of the Buyer, its affiliates, and subsidiaries or the Assets to recover any
Liens or Claims or on account of any liabilities of the Debtors.  All persons holding or asserting
any Liens or Claims in the Property are hereby enjoined from asserting or prosecuting such Liens
or Claims or cause of action against any of the Buyer, its affiliates, and subsidiaries or the Assets
for any liability associated with the Assets.

3.      The Buyer is not a "successor" to either of the Debtors or their respective estates
by reason of any theory of law or equity, and the Buyer shall not assume, nor be deemed to
assume, or in any way be responsible for, any liability or obligation of the Debtors and/or their
estates including, but not limited to, any bulk sales law, successor liability or similar liability
except as otherwise expressly provided in the Agreement.  Neither the purchase of the Assets by
the Buyer nor the fact that the Buyer is using and/or possessing any of the Assets previously
operated, used and/or possessed by the Debtors, will cause the Buyer to be deemed a successor in
any respect to the Debtors' businesses within the meaning of any foreign, federal, state or local
revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation
(including without limitation filing requirements under any such laws, rules or regulations), or
under any products liability law or doctrine with respect to the Debtors' liability under such law,
rule or regulation or doctrine, or under any product warranty liability law or doctrine with respect
to the Debtors' liability under such law, rule or regulation or doctrine, and the Buyer shall have
no liability or obligation on account of any of the foregoing.  Buyer shall have no liability or

obligation under the WARN Act (29 U.S.C. §§ 210 *et seq.)* or the Comprehensive Environmental Response Compensation and Liability Act, or any foreign, federal, state or local labor, employment, or environmental law by virtue of the Buyer's purchase of the Assets.

    4.      Pursuant to Bankruptcy Code §§ 105 and 363, all persons and entities, including, but not limited to, the Debtors, all debt security holders, equity security holders, the Debtors' former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, any claimant asserting a products liability claim, trade and other creditors asserting or holding Liens or Claims of any kind or nature whatsoever against, in or with respect to the Debtors or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Assets, the operation of the Debtors' businesses prior to the Closing Date or the transfer of the Assets to the Buyer shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Liens or Claims or other liability against the Assets, the Buyer, or any affiliate, subsidiary, successor or assign thereof as well as each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and representatives (each of the foregoing in its individual capacity).

    5.      Subject to the terms of the Agreement, the Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Buyer, without further action or order of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Agreement and any related agreements.

6.      No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the sale and the transactions contemplated by the Agreement.

7.      The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors and the Buyer that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, the terms and conditions of the Agreement shall govern and control. Nothing in this Order shall alter or amend the Agreement and the obligations of the Debtors and the Buyer thereunder.

8.      This Order and the Agreement shall be binding upon and govern the acts of all Persons and entities, including without limitation, the Debtors and the Buyer, their respective successors and permitted assigns, including, without limitation, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Property. All Liens or Claims against the Debtors' estates of record as of the Closing shall forthwith be removed and stricken as against the Property, without further order of the Court or act of any party. Upon Closing, the entities listed above in this paragraph are authorized and directed to strike all such recorded Liens or Claims against the Assets as provided for herein from their records, official and otherwise. Each and every federal, state, and local governmental agency, unit, or department are hereby directed to accept this Order as sole and sufficient

evidence of the transfer of title of the Property to the Buyer, and such agency, unit, or department may rely upon this Order in consummating the transactions contemplated by the Agreement.

9.      The provisions of this Order are non-severable and mutually dependent.

10.     Nothing in any order of this Court shall conflict with or derogate from the provisions of the Agreement or the terms of this Order,

11.     Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions and shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Buyer are free to close under the Agreement at any time, subject to the terms of the Agreement.  If, in the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Buyer close under the Agreement, the Buyer shall be deemed to be acting in "good faith" and shall be entitled to the protections of Bankruptcy Code § 363(m) as to all aspects of the transactions under and pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

12.     Following the entry of this Order, this Court shall retain jurisdiction to:

a.      interpret, implement, and enforce the terms and provisions of this Order, the Bidding Procedures Order, and the Agreement, all amendments thereto and any waivers or consents thereunder and each of the agreements executed in connection therewith in all respects;

b.      decide any disputes concerning this Order, the Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof,

the status, nature and extent of the Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Assets free and clear of all Liens or Claims;

c.    protect the Buyer or Assets against any of the Liens or Claims as provided herein including, without limitation, to enjoin the commencement or continuation of any action seeking to impose successor liability or bulk sale liability;

d.    enter orders in aid or furtherance of the transactions contemplated by the Agreement or to ensure the peaceful use and enjoyment of the Assets by the Buyer;

e.    compel delivery of the Assets to the Buyer;

f.    adjudicate any and all disputes concerning alleged pre-Closing Liens or Claims in and to the Assets including, without limitation, the extent, validity, enforceability, priority, and nature of any and all such alleged Liens or Claims; and

g.    adjudicate any and all disputes relating to the Debtors' rights, title, or interests in the Assets and the proceeds thereof.